## SMEAD, COLLARD & HUGHES *v.* FAY & BRADLEY

1. A judgment will not be set aside, on a showing of the defendant that the plaintiff is not the real party in interest. -
2. An agent may bring an action in his own name, on negotiable paper, if he holds the possession and the legal title at the time, although in trust for another; the defendant can not prevent judgment by setting up the fact that the property is in another.

SPECIAL TERM.—On motion, by defendant Fay, to set aside a confessed judgment, rendered on a judgment note with power of attorney, made by the defendants to the plaintiffs. It appears that the plaintiffs, at the time of their failure in the banking business, on September 14, 1857, held the note of Mr. Bradley, payable thirty days after May 29, 1857; that on the 20th of that month, the plaintiffs indorsed it, in blank, without recourse, to John H. Armstrong in payment of a debt owing to him by the plaintiffs; that afterward, on October 9, at Armstrong's request, the plaintiffs took a retransfer of the note, for the sole purpose of enabling Armstrong to get judgment against Fay & Bradley, in the name of the plaintiffs; that judgment was accordingly taken and transferred to Armstrong without recourse upon plaintiffs.

*Abram Brower*, for plaintiffs.

*W. M. Bateman*, for defendants.

STORER, J. The judgment in this case was rendered upon a warrant of attorney. The debt was due at the time, and the note representing it in the plaintiffs' possession. We are now asked to set the judgment aside, on the ground that the equitable ownership of the note was held by a third person when the judgment was confessed. It is clear that an agent may bring an action in his own name on negotiable paper, if in his possession at the time, and he holds the legal title, although in

trust for another; and the defendant can not prevent judgment by setting up the fact that the property is in another.

No one can complain but the principal. Our code requires all suits to be brought in the name of the real party interested; but if the case goes into judgment, no one can complain, though another party was entitled to the benefit; and if, after judgment, as in this case, it has been trasferred to the equitable owner, no rule of law is violated, nor are their rights impaired.

All have their relative interests thus secured, and there can be no reason to set the judgment aside..

Motion overruled.